UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | MAG. NO. 19-201 (DAR) |
| | : | |
| AMAAT MBENGA, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### Introduction

Amaat Mbenga, hereinafter Defendant Mbenga, a twenty-two (22) year old male with a criminal history that includes prior drug distribution convictions, has been charged in a one-count indictment with Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). Defendant Mbenga, having been convicted of one prior felony offense, he was aware that he was not allowed to possess a firearm.   His previous criminal history and now, possession of a firearm, support the government's contention that the defendant should be held without bond pending trial to ensure the safety of the community.

1

## Procedural History and Applicable Authority

At the initial appearance on July 26, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. During the initial appearance, the Court and defense counsel challenged whether probable cause existed on the face of the Government's statement of facts in light of the fact that the statement didn't explicitly state that Defendant Mbenga exited the building and recommenced running from MPD officers as referenced in the statement. The government proffered its understanding (based on its review of the file) that the Defendant did in fact exit the apartment building.  The Court after previously having signed the Criminal Complaint and attached warrant, declined to find probable cause and dismissed the case.   The Government appealed to United States District Court Chief Judge Beryl Howell, who reinstated the Criminal Complaint after the Defendant conceded that probable cause existed after hearing direct testimony from an MPD officer, that Defendant Mbenga did exit the apartment building and continued running from law enforcement.   Chief Judge Howell set a detention hearing for Tuesday, July 30, 2019.   On Monday, July 29, 2019, the grand jury returned an indictment in this matter.

The government contends that the defendant is a danger to the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in

2

determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.   *See* 18 U.S.C. § 3142(g).   A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Defendant Mbenga should be detained. *See* 18 U.S.C. § 3142(e)(1).

### Nature and Circumstances of the Offenses Charged

On Thursday, July 25, 2019 at approximately 1430 hours, members of the Metropolitan Police Department's Narcotics and Special Investigation Division Gun Recovery Unit, were patrolling in front of 601 Edgewood Street Northeast, Washington, D.C. As officers approached a group of individuals in front of the building, they observed two individuals separate from the group and enter the apartment building, one of which was wearing a red shirt (Defendant Mbenga).

Officers followed Defendant Mbenga as he began to run. Officer Keleman saw Defendant Mbenga running with a black handgun in his right hand. Officer Keleman saw Defendant Mbenga slow his pace and throw the firearm over a playground, over a fence and into a construction zone. See Government Exhibits 1-7. Defendant Mbenga was stopped by officers behind 705 Edgewood Street Northeast in Washington, D.C. Officer M. Vaillancourt recovered a black firearm from the construction zone where Defendant Mbenga was seen throwing it by Officer Keleman, which was approximately two hundred (200) feet away. The playground over which Defendant Mbenga made the throw was at a higher elevation than the construction zone where the firearm was found. The construction zone was graded smooth, composed of light in color dirt and no nearby debris as if

3

concrete was about to be laid. The entire area was clear around the immediate area of the recovered firearm. The area where the firearm was recovered was consistent with the direction of the throw by Defendant Mbenga of the firearm from the parking lot. <u>See</u> Government Exhibits 8-10. Defendant Mbenga was placed under arrest.

The firearm was determined to be a black in color, Taurus, .9 millimeter, model PT111 G2, with a serial number of TKS12712, loaded with one (1) round in the chamber and eight (8) rounds in an unknown round capacity magazine. <u>See</u> Government Exhibit 11.

Officer Bewley was on the scene of this offense. Officer Bewley spoke with Officer Keleman and viewed Officer Keleman's body worn camera footage from the incident, which showed Defendant Mbenga tossing an item over the fence and into the construction zone where the firearm was recovered. The facts stated above are consistent with the conversation with Officer Kelemen.

Accordingly, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that Mr. Mbenga was illegally in possession of a loaded firearm.   Mr. Mbenga should remain detained.

### <u>Weight of the Evidence Against the Defendant</u>

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention.   The evidence against Defendant Mbenga is strong.   As set forth above, an MPD police officer in pursuit of Defendant Mbenga saw the defendant in possession of a firearm as he ran from police. Officers in pursuit saw Defendant Mbenga throw an object over a fence into a construction zone. A search of the construction zone in the area where the police saw Defendant Mbenga toss an object, resulted in the recovery of a Taurus, PT111 G2, 9mm firearm, loaded with

nine rounds of ammunition. The weight of the evidence justifies the holding Defendant Mbenga pending trial.

### Mr. Mbenga's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention.   This constitutes Mr. Mbenga's second felony offense. Specifically, the defendant has the following prior conviction:

Attempt to Commit Robbery (Washington, D.C. 2013)

Additionally, Defendant Mbenga is currently on Pretrial Release in case number 19-cr-107 on a charge of violating 18 U.S.C. § 922(g)(1), Possession of a Firearm by a Person Convicted of a Crime Punishable for a Term Exceeding One Year.

The defendant has demonstrated that he cannot be trusted to refrain from engaging in criminal conduct as he has now again been arrested and charged with illegally carrying a loaded firearm. Consequently, Defendant Mbenga should not be released.

### Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention.   The charged offense involves the defendant's possession of a loaded firearm despite being legally barred from such possession.

The firearm that Defendant Mbenga possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community. Defendant Mbenga's criminal history combined with the fact that he is currently on pretrial release for another possession of a loaded firearm, overwhelmingly demonstrate that he is a danger to the community. In order to protect the community, the defendant should be held without bond pending trial.

**There is No Condition or Combination of Conditions that Would Ensure Mr. Mbenga's Compliance with Court-Ordered Release Conditions**

The defendant's criminal history and instant arrest warrant pre-trial detention. When he was arrested on the current charge, Defendant Mbenga was on pretrial release for another charge of 18 U.S.C. § 922(g)(1), Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by a Term Exceeding One Year. In fact, Defendant Mbenga's July 25, 2019, arrest occurred approximately one week after to United States District Court Judge Rosemary Collyer approved the removal of Defendant Mbenga's GPS monitor as a modification his pretrial release conditions on July 19, 2019. See, Minute Order granting [17] Second Motion for Modification of Pre-Trial Release as to Amaat Mbenga in case no. 19-CR-107 (RMC). The government's evidence strongly supports the argument that Mr. Mbenga will continually circumvent the Court's efforts to reasonably control his behavior through conditions of release and keep the community safe.

**Conclusion**

The government respectfully requests that this Court detain Defendant Mbenga pending trial because he has demonstrated that he is a danger to the community.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar No. 472-845

By:      /s/
CLIFFORD M. LUHN
D.C. Bar No. 483785
Assistant United States Attorney
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
Telephone: (202) 252-6933
E-mail: Clifford.Luhn@usdoj.gov

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, via the Electronic Case Filing (ECF) system, this 29th day of July, 2019.

_____/s/_____
CLIFFORD M. LUHN
Assistant United States Attorney





CARDELS 800-783-0399
GOVERNMENT
EXHIBIT
2









2019-07-25 T18:28:30Z
AXON BODY 2 X81114646



GOVERNMENT
EXHIBIT
5
CARDELS 800-783-0399



2019-07-25 T18:28:30z
AXON BODY 2 X81146646



CARDELS 800-783-0399
GOVERNMENT
EXHIBIT
6









CARDELS 800-783-0399

GOVERNMENT
EXHIBIT
9



CARDELS 800-783-0399
GOVERNMENT
EXHIBIT
10